## Case No. 14,114.

### TOWN et al. v. The WESTERN METROPOLIS.

[28 How. Pr. 283.]

District Court, S. D. New York. Jan., 1865.[1]

PLEADING IN ADMIRALTY—AMENDMENT—EXCEPTIONS—MARITIME TORT—JURISDICTION.

1. Where the claimants file exceptions to a libel, the libellant has a right, under the twenty-fourth admiralty rule of the supreme court, to move to amend his libel in any of the points excepted to, without submitting to the exception, as provided for in rule 94 of this court.

2. Where the offending vessel in a case of collision is arrested in this district, this court has jurisdiction of the cause of action, even though the collision occurred on the Potomac river, out of the district.

3. Cases of maritime torts committed upon navigable waters are cognizable in the admiralty within any district where the vessel may be apprehended.

4. Where the claimant excepted to eight distinct matters of form in the libel, it was *held*, that the points of exception embraced matters which are sufficiently explicit and certain to a common intendment, or are appropriately subjects of proof, and need not be set out in the pleadings.

In admiralty. The libellants filed their libels claiming $7,875 damages done to the schooner Mary C. Town, in a collision on the Potomac river, by the steamer Western Metropolis. The claimants filed eleven exceptions to the libel, eight of which were on matters of formal statement. Three of them, however, tended to a point of considerable magnitude, viz. as to whether or not this court had jurisdiction over a case of marine tort committed in the navigable waters of another district. On the exceptions coming in, Mr. McMahon, for the libellants, made a motion to amend his libel in three of the points excepted to, and claimed that he could do so without submitting to the exceptions on those particular parts, and referred to rule 24 of the admiralty (Sup. Ct. U. S.). Mr. Donohue, for the claimants, insisted that the regular practice was for the libellant to wait until the argument of the exceptions, and to submit to the particular exceptions against which the amendment was sought. The counsel referred to rule 94 of this district.

BETTS, District Judge. The libellant moved the court, on notice to the proctors of the claimants, for leave to amend the libel in particulars of form pointed out by notice. The counsel for the claimants opposed the motion on the ground that exceptions to the libel were pending in court, not submitted to by libellant, and unanswered by the libellant, and that he cannot be allowed, in such case, to amend his pleading. It appears to me the matter is specifically provided for by the rules of the supreme court. Admiralty Rules, No. 24. The libellant is entitled, of course, to have an amendment of his pleading until he shall be concluded by judgment of court against it upon exceptions taken to it on the part of the claimants. Betts, Adm. 58. The claimants have taken no steps to enforce their exceptions to the libel, and the party who brought the action is accordingly free to ask to rectify any error or imperfection found in his pleadings.

Motion granted.

The remaining exceptions to the libels, as thus amended, were brought on for argument before same judge.

C. Donohue, for claimants, in support of the exceptions.

(1) The courts of the United States rebuke any informal statement of the case in the pleadings which does not apprise the adversary of what he has a right to expect. Therefore, although the counsel for the libellants may denominate these exceptions as merely formal, yet they are on matters of substance, such as from which quarter the wind blew. He has stated the same as being from the

---

northward. Northward is not north. It is important for the claimants to know the exact quarter whence the wind blew. They are entitled to that information from the libel. Then, again, it is not definitely stated how far the vessels were apart at the time of the collision. The Potomac river, at the point of the collision, is two miles wide, and the claimants cannot know, save from a statement in the libel, as to what part of the river the vessel was in when collided against. So, also, the course the steamer was on is not definitely stated.

(2) This court has no jurisdiction over a marine tort committed on the navigable waters of another district. The collision here occurred on the waters of the Potomac river. In this court, by a number of decisions, such a jurisdiction has been denied. See Drummond v. Raft of Spars (Dec. Term, 1852;) Minute Book, 64, p. 96 [unreported]; Tuttle v. Hogg [unreported].

D. McMahon, in reply.

(1) The first exception is as to the jurisdiction of the court. The libel, it appears, was filed in this district, where the offending vessel was seized, and that the collision took place on the tide waters of the Potomac river. This court has jurisdiction. The Commerce, 1 Black [66 U. S.] 574. See, also, Nelson v. Leland, 22 How. [63 U. S.] 48.

(2) The second exception is involved in the first, and proceeds on the theory that the libel does not state or set up facts or a cause of action within the jurisdiction of the court. We assume that it does so state the necessary facts. The case presented is one of a collision between the schooner Mary C. Town, owned by the libellants, and the steamship Western Metropolis. The libel states the collision took place "within the admiralty and maritime jurisdiction of this honorable court, to wit, on the tide waters of the Potomac river" (second allegation of libel). In the third allegation of the libel, it gives more particularly the locality of the collision, viz. two miles above and to the west of Blackstone Island lighthouse, and about in the middle of the river, which in that vicinity is about two miles wide. In the first allegation of the libel it is alleged that the "offending vessel at the time of the filing of the libel was within the jurisdiction of the court." In the last allegation of the libel the general averment of jurisdiction is made, so that every fact is stated in the libel, within the case of The Commerce, sufficiently to clothe this court with the necessary jurisdiction.

(3) The third exception is that the libel does not state the point from which the wind blew at the time of the collision with certainty. In the third allegation of this libel it is stated "that the schooner was coming down, all sails set, a fair breeze from the northward, say about seven knots an hour." It then gives the course of the schooner, viz. southeast by east, half east, "the wind bear-ing on the larboard side of the vessel." At the end of the fourth allegation is this statement: "That owing to the wind the schooner could not have, prior to the collision, starboarded her helm, without running the risk of coming up in the wind and becoming unmanageable." Here, then, are all the elements necessary to show the course of the wind. First, wind from the northward; second, schooner on the southeast by half east course; third, wind bears on the larboard side of schooner; fourth, could not starboard helm without coming up into wind and becoming unmanageable. These allegations and this course of navigation show distinctly that the wind was due north, or nearly so.

(4) In the fifth exception the claimants complain that the libel does not set forth how far the vessels were apart when steamer was seen from schooner. In the third allegation of the libel, the libellants say: "About ten minutes before eight o'clock, p. m., she (i. e. schooner) descried the steamship Western Metropolis about two miles off, coming up the river under full headway." This statement, we admit, is sufficiently specific, and, even were it not in the libel, we admit that it is not important as to whether or not the libel should state how far apart the two vessels were at the moment of seeing each other, if the course of the two vessels otherwise properly appear in the libel, as we submit they do in this case.

(5) Matters of detail, matters of particularity, are the proper office of evidence, not to stuff into pleadings. In fact, all that the twenty-third rule (Sup. Ct. U. S.) in admiralty cases requires is, "that the libels shall propound and articulate in distinct articles the various allegations of facts upon which the libellant relies in support of his suit, so that the defendant may be enabled to answer distinctly and separately the several matters contained in each article." This rule excludes all statements of detail and of minute particulars. Under this rule, all that would seem to be required would be: First, the names of the two vessels; second, the locality of the collision; third, the general directions of the wind and tide; fourth, the respective speed of the two vessels; fifth, the fact of the collision, and of the general course of the two vessels up to the point of contact; sixth, points of negligence; seventh, facts showing jurisdiction; eighth, damages. All the rest becomes matter of evidence. Conklin, in his Admiralty Practice (volume 2, p. 483), says, in speaking of the requisites of libels: "It may be said in general, therefore, as of the correspondent part of a bill in equity, that in this part of the libel every material fact to which the libellant intends to offer evidence, ought to be distinctly stated, for otherwise he will not be permitted to offer or require any evidence of such fact. But in the one case, as in the other, a succinct general charge or statement of the matters of fact is sufficient, provided it be clear, accu-

rate, and to all necessary and convenient extent certain, as to the essential circumstances of time, place, manner, and other incidents, and it is not necessary to charge minutely all the circumstances which may conduce to prove the general charge; for these circumstances are properly matters of evidence, which need not be charged in order to let them in as proof." See Story, Eq. Pl. §§ 28, 241; The Palmyra, 12 Wheat. [25 U. S.] 13, when speaking of the requisites of libels in rem; Wade v. Leroy, 20 How. [61 U. S.] 43, 44, opinion; U. S. v. The Neuren, 19 How. [60 U. S.] 95, 96, opinion.

BETTS, District Judge. A libel was filed in this court April 13, 1864, against the above-named steamship, charging a tortious collision by her against the vessel of the libellants, the Mary C. Town. The claimants of the steamship filed eleven special exceptions against the sufficiency of the libel in point of law. The libellants obtained the leave of the court to amend their libel in respect to three of these special exceptions, and the case was heard before the court between the parties on the pertinency and validity of the remaining exceptions. The steamer was arrested within this district. The collision occurred upon the Potomac river, between two vessels navigating those waters, and the gist of the three first exceptions, therefore, denies the jurisdiction of the court in the case. If the practice of the local courts justifies that construction of the law, or stated rules of the court, it is clearly erroneous. Cases for maritime torts committed upon navigable waters are cognizable in the admiralty within any district where the vessel may be apprehended. Jackson v. The Magnolia, 20 How. [61 U. S.] 296; Nelson v. Leland, 22 How. [63 U. S.] 48; The Commerce, 1 Black [66 U. S.] 574. The other points of exception embrace matters which are sufficiently explicit and certain to a common intendment, or are appropriately subjects of proof, and need not be set out upon the pleadings.

Exceptions overruled, with costs to be taxed.

[NOTE. The libel was dismissed, and the libellants appealed to the circuit court, where the decree of the district court was reversed, and a decree entered for libellants, with a reference to ascertain the damages. Case No. 17,440.]